UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**EVELYN PEREZ,** *as next friend of minor* F.V.**,**

    **Plaintiff,**

vs.

**LAKE COUNTY ROWING ASSOCIATION, and THE CITY OF CLERMONT,**

    **Defendants.**

CASE NO.:

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, EVELYN PEREZ, *as next friend of minor* F.V., by and through her attorney, brings this lawsuit seeking injunctive and declaratory relief, and monetary damages against LAKE COUNTY ROWING ASSOCIATION ("LCRA"), and THE CITY OF CLERMONT (collectively "The Defendants") for violations of Title II & III of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). Defendants failed to accommodate Plaintiff's disability, and denied Plaintiff full and equal enjoyment of Defendants' services, facilities, and privileges. Defendants also failed to make reasonable modifications in policies, practices, procedures, failed to train personnel to work effectively with persons with a disability, and segregated F.V. based on his autism.

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over the actions pursuant to 28 U.S.C. §§ 1331, 1343, for the Plaintiff's claims arising under the ADA and Section 504.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) - (b)(2) because, (1) the Defendants are located in this district, and or (2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and are occurring within this district.

## PARTIES

### PLAINTIFF

3. Plaintiff, F.V., is and was, at all times relevant, a resident of Lake County, Florida. F.V. is the minor grandson of Ms. Perez, and has autism. F.V. is a qualified individual with a disability as defined by the ADA and Section 504.

### DEFENDANTS

4. Defendant, LAKE COUNTY ROWING ASSOCIATION ("LCRA"), is located in Clermont, Florida, and provides rowing instruction, competitions, after school programs, and is a place of exercise or recreation, and a place of education, as defined by Title III of the ADA, 42 U.S.C. § 12181(7). LCRA provides its rowing classes at the City of Clermont's Boathouse.

5. Defendant, THE CITY OF CLERMONT owns the Clermont Boathouse used by Lake County Rowing Association, and provides other support to LCRA's operation. Clermont is a public entity pursuant to 42 U.S.C. § 12131(1) and is subject to the mandates of Title II of the ADA and its implementing regulations.

6. Defendant, The City of Clermont, receives federal financial assistance within the meaning of the Section 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

## FACTUAL ALLEGATIONS

7. F.V. was diagnosed with autism around the age of four (4). He attends school and has an Individualized Education Plan and a 504 Plan to accommodate his needs at school. Due to his disability, he will attend school until he is twenty-two (22) years old.

8. F.V. is now (17) years old, and lives with Ms. Perez his grandmother.

9. F.V.'s autism manifests by repeating monologs from movies or television shows, and stimming which consists of repetitive movements with his hand and or rocking.

10. Beginning on July 16, 2018, F.V. attended LCRA's summer rowing camp. The camp was held five (5) days a week, for three (3) weeks. The cost of the rowing camp was $99 a week, and there were approximately fifteen (15) children registered for the camp.

11. Due to F.V.'s autism he does not have friends to interact with. Although he is a seventeen (17) year old male, he doesn't hang out with other teenagers, or engage in typical activities because he is autistic and never invited or included in such events. As a result his grandmother diligently looks for opportunities for F.V. to be included in group events so that he can enjoy activities with others.

12. The rowing camp was a perfect opportunity for F.V. to engage with teenagers his own age, and be a part of a team activity. Additionally, it is a stationary sport guided by basic commands.

13. F.V. attended the camp, and each day and when F.V. was picked up from rowing camp, there were no reports of behavioral complaints to Ms. Perez, or the family members who assisted with transportation. To the contrary, coaches said F.V. followed commands and was doing well. In fact, F.V. placed top three (3) out of all of the children attending the camp when evaluated on the rowing equipment.

14. F.V. loved the camp and wanted to continue rowing. Upon the conclusion of the summer camp Ms. Perez was made aware of an after school rowing program at LCRA, again offered at the City of Clermont boathouse, two (2) days a week.

15. On approximately August 4, 2018, the last day of rowing camp, Ms. Perez spoke to a coach about registering F.V. for the after school rowing program. The coach said something to the effect of *F.V. wasn't competition material,* and "the kids were afraid of him", and told Ms. Perez F.V. could not attend the after school program. Ms. Perez and her family were shocked by the exclusion of F.V. based on his autism.

16. To rectify the situation, without Court intervention, Ms. Perez filed an ADA Complaint with the City of Clermont on approximately August 6, 2018 about F.V.'s exclusion.

17. The City of Clermont responded to the complaint and folded in LCRA to help respond. A series of email messages were exchanged between LCRA, the City of Clermont employees and what appears to be the City's attorney. As a result a meeting was scheduled with the Perez family, and members of the LCRA on October 12, 2018.

18. In attendance at the meeting were believed to be Ms. Perez, a few of F.V.'s family members and friends, the President of the LCRA, a coach, and the Founder of the LCRA. A representative from the City of Clermont failed to attend, claiming the discriminatory actions did not involve them even though the LCRA uses the City boathouse for the rowing classes.

19. During that meeting, LCRA stated they would not allow F.V. to attend the rowing program until they had a separate program, and special needs coach to be with F.V. in a segregated class. They also told Ms. Perez she would be required to pay, or help pay for the special needs coach.

20. This was not acceptable to the family, and it was apparent Defendants were excluding and segregating F.V. because he was autistic. A segregated class would defeat the purpose of a rowing *team* experience, which was one of the things F.V. liked most about the camp, and that his grandmother sought for him.

21. On October 19, 2018, MJ Coleman ("MJ"), the President of LCRA sent an email message to Ms. Perez offering F.V. segregated lessons, two days a week, with a rowing coach who works part-time as a middle school coach. However, MJ further told Ms. Perez that they are working on making sure they have "the right kind of boat".

22. The Defendants *accommodation* was to segregate F.V. based on his disabilities and defeat the purpose of the rowing *team* with his peers, and instead require him to row alone with and adult coach.

23. This discriminatory event caused emotional harm and degradation to F.V. who enjoyed rowing with his new friends. F.V. was treated in a discriminatory fashion based on his disability.

24. **Although not legally required to do so, in good faith Plaintiff attempted to rectify this matter prior to filing this Complaint in Federal Court.**

25. F.V. would like to continue to participate in rowing classes and programs offered by LCRA and held at the City boathouse, while having his disability accommodated. Due to his disabilities he shall remain in school until age twenty two (22), and wants to attend several programs offered by LCRA.

## COUNT I
## VIOLATIONS OF TITLE II OF THE AMERICANS
## WITH DISABILITIES ACT AS TO DEFENDANT, THE CITY OF CLERMONT

26. Plaintiff repeats and re-alleges allegations ¶¶ 1-25 in support of his claims.

27. In Count I, Plaintiff seeks declaratory relief, permanent injunctive relief, and monetary damages pursuant to Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132, et seq., and its implementing regulations.

28. Plaintiff is autistic, and his disabilities substantially limit major life activities as defined by Title II of the ADA. Plaintiff meets the essential eligibility requirements for Defendant's services at all times material hereto and is entitled to the protections of the ADA under 42 U.S.C. § 12132, *et seq.*, and its implementing regulations.

29. The City of Clermont is a public entity pursuant to 42 U.S.C. § 12131, and is subject to the mandates of Title II of the ADA and its implementing regulations.

30. The City of Clermont either donates and or rents its boathouse to LCRA. A public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability— (i) Deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) Afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; (iii) Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others;  (iv) Provide different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others; (v)

Aid or perpetuate discrimination against a qualified individual with a disability by providing significant assistance to an agency, organization, or person that discriminates on the basis of disability in providing any aid, benefit, or service to beneficiaries of the public entity's program. 28 C.F.R. § 35.130.

31. No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.  42 U.S.C. § 12132.

32. Defendant failed to accommodate Plaintiff's disability, and denied Plaintiff full and equal enjoyment of Defendant's services, and the participation in programs or activities provided by a public entity. 42 U.S.C. § 12132.

33. Defendant also failed to make reasonable modifications in policies, practices, and procedures, and failed to train personnel to work effectively with persons with a disability.

34. Defendant's actions were intentional and violated the rights of the Plaintiff by their refusal to reasonably accommodate Plaintiff, even after Defendant was put on full notice of their obligations to abate such discriminatory actions, when advised of the same through a formal ADA complaint with the City. Then Defendant was also advised F.V. would be segregated, and or excluded outright from team rowing, and failed to act.

35. Plaintiff has been injured and aggrieved by, and will continue to be injured and aggrieved by Defendant's discrimination.  F.V. suffered irreparable loss and injury including, but not limited to, humiliation, exclusion, emotional distress, and a deprivation of his rights to non-discrimination on the basis of his disabilities. In engaging in this unlawful conduct described above, Defendant acted maliciously to damage the rights and dignity of Plaintiff.

**WHEREFORE**, Plaintiff requests the relief set forth below.

## COUNT II
## VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT AS TO DEFENDANT, LAKE COUNTY ROWING ASSOCIATION

36. Plaintiff repeats and re-alleges allegations ¶¶ 1-25 in support of his claims.

37. Defendant, LCRA is a private entity within the meaning of 42 U.S.C. § 12181(6) and is a place of public accommodation within the meaning of 42 U.S.C. §§ 12181(7) (J) (L); 28 C.F.R. § 36.104. LCRA is subject to Title III of the ADA and its implementing regulation because it owns, leases (or leases to), or operates a place of education and a place of exercise and recreation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.104.

38. Title III of the Americans with Disabilities Act states that no person shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations by any person who owns or operates a place of public accommodation. 42 U.S.C. §§ 12182 (b)( 2) (A) (i) (ii) (iii); 28 C.F.R § 36.202.

39. Plaintiff is autistic, and his disabilities substantially limit major life activities, and is, therefore, considered to be an individual with a disability under Title III. Plaintiff is otherwise qualified under Title III, because he meets the essential eligibility requirements for Defendant's services at all times material hereto.

40. Defendant, LCRA denied Plaintiff the opportunity to benefit from its services, facilities, privileges, advantages, and accommodations that were equal to that afforded to other

individuals who are not disabled in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

41.     Defendant, LCRA intentionally failed to make reasonable modifications in its policies, practices, and/or procedures, upon repeated requests, as necessary to afford Plaintiff with its goods services, facilities, privileges, advantages, or accommodations in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. §12182, *et seq.*

42.     As a result of Defendant's actions described above, F.V. suffered irreparable loss and injury including, but not limited to, humiliation, exclusion, emotional distress, and a deprivation of his rights to non-discrimination on the basis of his disabilities.  In engaging in this unlawful conduct described above, Defendant acted maliciously to damage the rights and dignity of Plaintiff.

**WHEREFORE**, Plaintiff requests the relief set forth below.

## COUNT III
## VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT
## AS TO DEFENDANT, THE CITY OF CLERMONT

43.     Plaintiff repeats and re-alleges allegations ¶¶ 1-25 in support of his claims.

44.     Plaintiff in this matter requests declaratory relief, permanent injunctive relief, and seeks monetary damages pursuant to Section 504.

45.     Plaintiff is autistic, and his disabilities substantially limit major life activities, and is, therefore, considered to be an individual with a disability under Section 504.  Plaintiff is otherwise qualified under Section 504 because he meets the essential eligibility requirements for Defendant's services at all times material hereto.

46. In Count III, Plaintiff alleges Defendant discriminates against people with disabilities in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which provides, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in Section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

47. Defendant is a recipient of federal financial assistance, and, therefore, subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Defendant has discriminated against Plaintiff on the basis of his disabilities, in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described in Count One. Such discrimination includes but is not limited to failure to: modify policies and procedures to prevent discriminatory exclusion from and or denial of services, and segregation.

48. Defendant's actions were intentional and violated the rights of the Plaintiff by their refusal to reasonably accommodate Plaintiff, even after Defendant was put on notice of their obligations to abate such discriminatory actions.

49. As a result of Defendant's actions described above, F.V. suffered and continues to suffer, and will in the future suffer irreparable loss and injury including, but not limited to degradation, humiliation, embarrassment, emotional distress, and a deprivation of his rights to non-discrimination on the basis of his disabilities.

**WHEREFORE**, Plaintiff requests the relief set forth below.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A. The Court assume jurisdiction;

B. The Court enter a declaratory judgment that the actions of both Defendants, described in this Complaint be in violation of the ADA;

C. The Court enter a declaratory judgment that the actions of The City of Clermont be in violation of Section 504 of the Rehabilitation Act;

D. Enter a permanent injunction for the Plaintiff enjoining Defendants, LCRA and The City of Clermont, their successors, agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of discriminating against the Plaintiff and thereby provide services in violation of the ADA;

E. Enter a permanent injunction for the Plaintiff enjoining Defendant, The City of Clermont, its successors, agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of discriminating against the Plaintiff and thereby provide services in violation of Section 504 of the Rehabilitation Act;

D. Award monetary damages to the Plaintiff for his degradation, mistreatment, and humiliation as a result of Defendant, The City of Clermont's discriminatory actions in violation of Title II of the ADA;

E. Award monetary damages to F.V. for his degradation, mistreatment, and loss of dignity as a result Defendant, The City of Clermont, discriminatory actions in violation of Section 504 of the Rehabilitation Act;

F. Award reasonable attorney's fees, expenses and costs of suit; and

    G.    Grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues which can be heard by a jury.

Date:  December 27, 2019.

        Respectfully submitted,
        Morgan & Morgan

        */s/ Sharon Caserta*
        Sharon Caserta, Esq.
        Florida Bar No.: 0023117
        Morgan & Morgan
        Deaf /Disability Rights
        76 South Laura Street, Suite 1100
        Jacksonville, FL 32202
        (904) 361-0078 (Voice)
        (904) 245-1121 (Videophone)
        (904) 361-4305 (Facsimile)
        scaserta@forthepeople.com
        *Trial Counsel for Plaintiff*