UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**EVELYN PEREZ, as next friend of minor F.V.**

    **Plaintiff,**

v.                                                             Case No: 5:19-cv-661-Oc-30PRL

**LAKE COUNTY ROWING ASSOCIATION and THE CITY OF CLERMONT,**

    **Defendants.**
_____/

**THE CITY OF CLERMONT**

    **Cross-Plaintiff,**

v.

**LAKE COUNTY ROWING ASSOCIATION**

    **Cross-Defendant.**
_____/

## REPORT AND RECOMMENDATION[1]

Evelyn Perez brought this action for disability discrimination pursuant to Titles II and III of the Americans with Disabilities Act, 42 U.S.C. §§12181, et seq. ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), on behalf of her autistic grandson, F.V., against the Lake County Rowing Association (LCRA) and the City of Clermont. LCRA provides rowing

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

instruction, competitions, and after school programs at the Clermont Boathouse, which is owned by the City of Clermont. Plaintiff alleges that the City of Clermont either donates or rents its boathouse to LCRA.

The City previously moved to dismiss Plaintiff's claims arguing that Plaintiff had failed to sufficiently allege a basis to hold the City responsible for the alleged discrimination. The Court disagreed and relied upon case law holding that a public entity (such as the City) is subject to Title II of the ADA as a landlord for leasing or renting out its facilities to a non-public entity (such as LCRA). (Docs. 20, 25).

After the Court denied the City's motion to dismiss (Docs. 20, 25), the City filed a cross-claim against LCRA seeking indemnification pursuant to the Management Agreement between the City and LCRA (a copy of which was attached to the cross-claim). (Doc. 28). The Management Agreement includes the following indemnification provision:

> (a) Each Party (an "Indemnitor") agrees to indemnify and hold harmless the other party, its shareholders, directors, officers, and employees ("an Indemnified Party") from and against any and all losses, claims, damages, liabilities, costs and expenses (including reasonable attorneys' fees and expenses related to the defense of any claims),which may be asserted against an Indemnified Party or for which they may now or hereafter become subject arising in connection with the activity of the Indemnitor ("Claim"), including but not limited to: (i) alleged or actual failure by the Indemnitor to perform any of its duties hereunder, including by negligence or willful or wanton misconduct and (ii) any violation of any requirements applicable to the Indemnitor under any federal, state or local environmental/hazardous waste or similar law or regulation; except only to the extent that such Claims may have been caused, in part, by the negligence or willful or wanton misconduct of the Indemnified Party seeking indemnification pursuant to this Agreement. No party shall recover any amount in excess of actual damages incurred (sic) Nothing herein shall be construed, interpreted or act as a waiver of any sovereign immunity that City may enjoy as a matter of law.
>
> (Exhibit A, p 9, Section 11).

In both counts of the cross-claim—count I for indemnification and count II for breach of contract—the City alleges that LCRA owes the City a duty of indemnity based on their contract (Management Agreement) and that LCRA breached the contract by failing to indemnify the City and hold it harmless. The breach of contract claim simply reiterates the claim for indemnification, and thus, will be treated as a *de facto* claim for indemnification. *See Equal Rights Center v. Niles Bolton Assoc.,* 602 F.3d 597, 602 (4th Cir. 2010) (treating state-law breach of contract and negligence claims as *de facto* indemnification claims); *Miami Valley Fair Housing Center, Inc. v. Campus Village Wright State*, LLC, No., 2012 WL 4473236, *9 (S.D. Ohio, Sept. 26, 2012) (distinguishing between (1) a state-law claim seeking indemnification or contribution stemming from proven FHA violations and (2) a state-law contract claim arising from breach of a duty imposed by the particular terms of a contract, rather than duties imposed by the FHA; or a state law negligence claim based on a standard of care not imposed by the FHA.).

Now, both LCRA and Plaintiff have moved to dismiss the City's cross-claim. (Docs. 31, 35). Although not raised by the parties, the Court questions whether Plaintiff has standing to move to dismiss the cross-claim between the two Defendants. However, the Court need not resolve this issue because LCRA expressly joined in Plaintiff's motion to dismiss, thus, adopting the arguments raised in the motion as its own.

I.   **LEGAL STANDARD**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127

S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Ashcroft* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1951-52).

II. **DISCUSSION**

Plaintiff's claims against the City are based on the City's own independent responsibility, as landlord, to comply with the requirements of Title II of the ADA and the Rehabilitation Act. And, Plaintiff's claims against LCRA are based on LCRA's obligations as a public accommodation to comply with Title III of the ADA and the Rehabilitation Act.[2] Of course,

---

[2] In such circumstances, the Ninth Circuit has advised that "it will be in the plaintiff's best interest to sue both the landlord, under Title II, and the operator of the public accommodation, under Title III, thereby affording the court the greatest flexibility in fashioning appropriate relief. *See also Schutza v. City of San Diego, et al.*, No. 3:13-cv-2992-CAB, 2016 WL 11621283, at *4 (S.D. Calif. June 29, 2016).

whether Plaintiff ultimately will prevail on her claims against both or either Defendant is yet to be determined.

In its cross-claim, the City is seeking indemnification from LCRA for any damages, losses, costs, expenses, attorney's fees, and costs related to this action. LCRA and Plaintiff correctly cite cases for the proposition that a landlord, such as the City, cannot delegate its own obligations under Title II of the ADA (and the Rehabilitation Act), nor can it completely offset its own liability through a claim for indemnity. *See e.g., Equal Rights Center v. Niles Bolton Assoc.,* 602 F.3d 597, 602 (4th Cir. 2010) (explaining that an entity's obligations under ADA and FHA are nondelegable and "[a]llowing an owner to completely insulate itself from liability for an ADA or FHA violation through contract diminishes its incentive to ensure compliance with discrimination laws"); *Downing v. Osceola County Board of County Commissioners*, No. 6:16-cv-872-Orl-40KRS, 2017 WL 5495138, at *6 (M.D. Fla. Nov. 16, 2017) (the ADA and the Rehabilitation Act would be undercut by allowing the County to shield itself from liability through indemnification); *Hoewischer v. Terry*, No. 3:11-cv-405-J-32JBT, 2011 WL 5510274, at *3 (M.D. Fla. Nov. 10, 2011) (". . . a lease cannot relieve a landlord of its underlying obligations under the ADA."). However, unless and until it is found that the City breached its duty under the ADA for which it has liability, this argument is premature. Indeed, if it is ultimately determined that only LCRA violated its duty under the ADA, then the City could have a claim for indemnification for the costs it incurred in defending this action.

LCRA and Plaintiff also contend that the allegations against the City fall outside the scope of the indemnification clause. Specifically, they argue that the City is being sued for its own independent liability under Title II of the ADA, rather than any "action of the Indemnitor [LCRA]," which would bring the claim under the purview of the indemnification clause. As

discussed above, this argument is premature since it has not yet been determined whether the City has independent liability for the alleged discrimination. If it is ultimately found that only LCRA breached its duty under the ADA, then the City could have a claim for indemnification for the costs incurred in defending this action.

Finally, LCRA and Plaintiff argue that the City's cross-claim should be dismissed as untimely. The City filed its Answer and Affirmative Defenses (Doc. 26) on April 27, 2020 and then two months later, on June 30, 2020, filed its two-count cross-claim against LCRA. The parties disagree as to which deadline governs the filing of a cross-claim. LCRA and Plaintiff argue that the deadline to amend pleadings is applicable,[3] while the City contends that the June 30, 2020 deadline for joinder is the most relevant. (Doc. 41 at 5). Given the uncertainty of the governing deadline, as well as the lack of any demonstrated prejudice caused by the two-month delay, the Court declines to dismiss the cross-claim on this basis.

Accordingly, the motions to dismiss (Docs. 31 & 35) should be DENIED.

DONE and ENTERED in Ocala, Florida on September 25, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] The Case Management and Scheduling Order provides: "If evidence arises during fact discovery that would support a motion to amend a pleading, the moving party shall file a motion to amend within fourteen (14) days of learning of the evidence. Motions to amend after that fourteen (14) day window will be governed by a good cause standard." (Doc. 19 at 2).